UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVON WIDMAN,<br><br>                                  Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                                  Defendants. | Case No.: 3:22-cv-01129-JAH-DEB<br><br>**ORDER**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]**<br><br>**2. DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. No. 1]** |

**INTRODUCTION**

On August 1, 2022, Jovon Widman ("Plaintiff"), proceeding pro se, filed a complaint seeking damages against Transunion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc (collectively, "Defendants") for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. *See* Doc. No. 1. Plaintiff failed to pay the required civil filing fees on time pursuant to 28 U.S.C. § 1914(a). Instead, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. After a careful review of the complaint and motion, and for reasons as set

forth below, the Court (1) **GRANTS** the motion for leave to proceed IFP; and (2) **DISMISSES** the Complaint without prejudice and with leave to amend.

## DISCUSSION

### I. Plaintiff's IFP Motion

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $452.[1] *See* 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915(a), if the plaintiff is granted leave to proceed IFP, he may proceed despite failure to pay the entire fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). For a court to grant a leave to proceed IFP, the plaintiff is required to submit an affidavit, including a statement of all their assets, showing their inability to pay the statutory fee. *See* 28 U.S.C. § 1914(a).

In support of his motion, Plaintiff has submitted an application to proceed in district court without prepaying fees or costs. *See* Doc. No. 2. The application indicates that Plaintiff is employed and receives a gross pay of $553.35 and take-home pay or wages of $504.94 bi-weekly. *Id.* at 1. Plaintiff does not receive any income from real property, investments, retirement accounts, gifts, or alimony. *Id.* Moreover, the application indicates that Plaintiff only has $1.53 in cash or in a checking or savings account. *Id.* at 2. Plaintiff has monthly expenses of $650.00, resulting in a net disposable income of $359.88 per month. *Id.* at 2. He indicates no other assets of value. *Id.* at 1-2. Based on these representations, the Court finds that Plaintiff is unable to pay the required statutory fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(a), a plaintiff who seeks leave to proceed IFP, subjects their Complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) "not only permits but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) challenges the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or insufficient facts under a cognizable legal claim". *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). If the plaintiff's complaint fails to present a cognizable legal theory that shows the plaintiff may be entitled to the relief sought by the complaint, or alternatively presents a legal theory but fails to plead essential facts under that theory, the complaint must be dismissed. *Robertson*, 749 F.2d at 534. Although Rule 12(b)(6) does not require detailed essential facts, it must plead sufficient facts that, if true, "raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If the court finds a complaint fails to state a claim, the court should grant

leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### B. Insufficiency of the Complaint

Plaintiff only cites to 15 U.S.C. § 1681 of the FCRA and states that he attempted,

> to disput[e] the completeness and/or accuracy of a tradeline by Capital One . . . which was in a consumer reports concerning Plaintiff prepared, maintained, and published to others by Defendant, and Defendant negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the date in consumer reports concerning Plaintiff, and investigate, delete, or modify the disputed information, and provide a response to plaintiff within 30 days of receipt of Plaintiff's dispute.

Compl. at 1. Plaintiff's complaint fails to specify which subsection of the FCRA that Defendants have violated, and provides nothing more than conclusory statements alleging a violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). Furthermore, although it appears Plaintiff's complaint is not frivolous, the allegations contained therein are vague and the Court cannot discern whether he is seeking relief for negligent violations of the FCRA, willful violations, or both. Accordingly, Plaintiff's complaint is **DISMISSED** with leave to amend.

### Conclusion and Order

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP, pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2] is **GRANTED**;

2. The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. The Court **GRANTS** Plaintiff forty-five (45) days leave, from the filing date of this Order, to file an amended Complaint which cures the deficiencies of the pleading described herein. Plaintiff is cautioned, however, that should he

choose to file an Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ.L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled." A failure to file an Amended Complaint will result in dismissal of this action without further order of the Court.

**IT IS SO ORDERED.**

DATED: August 9, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE