UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVON WIDMAN,<br><br>                              Plaintiff,<br>v.<br><br>TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                            Defendants. | Case No.: 3:22-cv-01129-JAH-DEB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) (ECF No. 4)** |

### **INTRODUCTION**

On August 1, 2022, Jovon Widman ("Plaintiff"), proceeding pro se, filed a complaint seeking damages against Transunion, LLC, Equifax Information Services, LLC, and Experian Information Solutions, Inc (collectively, "Defendants") for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (*See* ECF No. 1). Plaintiff failed to pay the required civil filing fees on time pursuant to 28 U.S.C. § 1914(a). Instead, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a), which was granted by the Court. (*See* ECF No. 3). Pursuant to 28 U.S.C. § 1915(a), the Court reviewed the Complaint *sua sponte* and dismissed the Complaint without prejudice and with leave to amend. Plaintiff subsequently filed an Amended

Complaint on October 7, 2022. ("FAC", ECF No. 4). After a careful review of the FAC, and for reasons as set forth below, the Court **DISMISSES** the FAC without prejudice and with leave to amend.

## DISCUSSION

I.  **Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

   **A. Standard of Review**

Pursuant to 28 U.S.C. § 1915(a), a plaintiff who seeks leave to proceed IFP, subjects their Complaint to *sua sponte* review, and mandatory dismissal, if the action or appeal "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 575 U.S. 532, 538 (2015) (pursuant to 28 U.S.C. § 1915(e)(2), the "court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) "not only permits but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) challenges the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed as a matter of law because of a "lack of a cognizable legal theory or insufficient facts under a cognizable legal claim". *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). If the plaintiff's complaint fails to present a cognizable legal theory that shows the plaintiff may be entitled to the relief sought by the complaint, or alternatively presents a legal theory but fails to plead essential facts under that theory, the complaint must be dismissed. *Robertson*, 749 F.2d at 534. Although Rule

12(b)(6) does not require detailed essential facts, it must plead sufficient facts that, if true, "raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). If the court finds a complaint fails to state a claim, the court should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### B. Insufficiency of the First Amended Complaint

The FCRA demands that consumer reporting agencies follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report, 15 U.S.C. § 1581e(b), to protect the individual consumer. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1544 (2016) ("Congress plainly sought to curb the dissemination of false information" with the FCRA); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (the FCRA "was crafted to protect consumers from the transmission of inaccurate information about them").

Here, Plaintiff asserts Defendants,

> [F]ailed to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.
>
> Defendants negligently failed to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.
>
> Defendants intentionally failed to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff as a procedure to assure maximum possible accuracy of said information.

(FAC at ¶¶ 27-29) (enumerations omitted). Plaintiff's FAC repeats these allegations, differentiating them only by inserting the "negligent" and "willful" language contained in the FCRA. (*See, e.g.*, FAC at ¶¶ 33-35).

FCRA claims require a showing that the violation was either negligent or willful. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 671 (9th Cir. 2020). Without explanation of how Defendants' behavior is either negligent, willful, or both, inserting these terms into otherwise unchanged paragraphs is conclusory, and therefore, insufficient.[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, Plaintiff describes sending a letter to Defendants, which "disputed the completeness and/or accuracy of information contained in consumer reports concerning Plaintiff that were prepared and maintained by Defendants and published by Defendants to third parties." (FAC at ¶ 18). After a "threadbare recital[] of the elements of [the] cause of action", *Iqbal*, 556 U.S. at 678, Plaintiff alleges a dispute over the accuracy of Plaintiff's credit report. However, the Court cannot discern, and Plaintiff does not state, what inaccuracy occurred within the credit report from Plaintiff's pleading. The occurrence of an inaccuracy in the credit report is an essential fact for both of Plaintiff's claims. *Guimond*, 45 F.3d at 1333 ("under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information"); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (Although 15 U.S.C. § 1681i "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement").[2] Because Plaintiff fails to plead the essential fact of inaccurate information in the FAC and, therefore, does not state a claim upon which relief may be granted, the FAC is **DISMISSED** with leave to amend.

---

[1] Plaintiff pleads Defendants' failure to implement an electronic method to contact Plaintiff is a negligent and intentional failure to assure maximum possible accuracy. (FAC at ¶¶ 30-44). This allegation is repetitive of the other allegations, and it is unclear to the Court how Defendants' failure to implement this electronic method is negligent.

[2] Information in the credit report that is either "patently incorrect" or "materially misleading" may constitute "inaccurate or incomplete" information. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). Plaintiff's FAC does not clearly indicate "patently incorrect" or "materially misleading" information.

## CONCLUSION

For all the reasons discussed above, IT IS HEREBY ORDERED:

1. The FAC is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The Court **GRANTS** Plaintiff forty-five (45) days leave, from the filing date of this Order, to file a Second Amended Complaint which cures the deficiencies of the pleading described herein. This will be Plaintiff's **FINAL** opportunity to amend. Plaintiff is cautioned, however, that should he choose to file a Second Amended Complaint, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled." A failure to file a Second Amended Complaint will result in dismissal of this action without further order of the Court.

**IT IS SO ORDERED.**

DATED: February 22, 2023

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE